# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN CUTTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1151 NCC |
| | ) |
| MISSOURI FAMILY SUPP. DIV., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action, wherein plaintiff alleges that his civil rights have been violated. After review of the financial information provided, the Court will grant plaintiff's motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**Discussion**

Plaintiff, John Cutts, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his civil rights. Plaintiff has named as defendants in this action are St. Louis County, Missouri and the Missouri Family Support Division.

Plaintiff claims that his due process rights were violated relating to his probation requirements as to his criminal conviction in St. Louis County Court for failing to make child support payments. In this action, he claims disagreements with the way his five-year probation sentence has been carried out by St. Louis County Court, seeming to infer that some of the requirements by the probation officer assigned to him, Ray Morales, as well as the prosecutor and the Judge, have been arbitrary and capricious.[1]

Plaintiff asserts that he has remained in compliance with the terms of his state court probation. However, he states that prior to the end date of his probation, the prosecutor and Judge worked together to extend his probation based on what he perceives to be a misunderstanding that he had failed to properly pay all of his ongoing his child support payments.[2] Plaintiff claims that the extension of the probation resulted in lost job opportunities, embarrassment, and a violation of his due process rights. Plaintiff asserts that the Family Court

---

[1] This is the second time plaintiff has filed this action. *See Cutts v. St. Louis County*, No. 4:17CV2861 NCC (E.D.Mo.). The first action was dismissed on frivolity review on March 16, 2018.

[2] Plaintiff details that the misunderstanding resulted from the Division of Employment Security failing to properly send plaintiff's child support payments to the Family Support Division, and in turn, the Family Support Division failed to properly credit plaintiff for the money paid.

2

prosecuting attorney attempted to have him revoked from his probation even after he had paid his full child support arrears and when his probation had been discharged. He claims that in response, he filed a petition for writ of prohibition with the Missouri Court of Appeals who ordered the Missouri Circuit Court to file a response to the writ of prohibition. Plaintiff claims that instead of filing a response the Circuit Court canceled the revocation hearing and discharged him from probation.

Plaintiff seeks monetary damages in an amount of $625,000 in this action against the Missouri .

## Discussion

Plaintiff asserts that the Missouri Family Support Division acted in an unconstitutional manner to extend his probation by failing to properly calculate his child support. Plaintiff seeks monetary damages as a result of what he believes to be a "due process violation" perpetuated against him by the State of Missouri.

The Eleventh Amendment bars a citizen from bringing suit in federal court against a state, a state agency, or a state official sued in his official capacity for monetary damages which must be paid from public funds in the state treasury. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Only two exceptions exist to Eleventh Amendment immunity: (1) "where Congress has statutorily abrogated such immunity by 'clear and unmistakable language,'" or (2) where a state has waived its immunity to suit in federal court, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Barnes v. State of Missouri,* 960 F.2d 63, 65 (8th Cir. 1992) (citing *Welch v. Texas Dep't of Highways & Pub. Transp.,* 483 U.S. 468, 473-74 (1987)).

There is no indication that the State of Missouri has waived its immunity from suit in this instance. Moreover, the state is not a "person" capable of being sued under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Thus, plaintiff's claims against the Missouri Family Support Division are subject to dismissal.

Plaintiff attempts to allege municipal liability against St. Louis County, Missouri, in this action. Municipal liability under § 1983 may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). Plaintiff, however, has not alleged that the purported civil rights violations arose from either an unlawful policy or custom. Moreover, plaintiff has not alleged that his probation officer's actions were the result of a deliberate indifference in his training such that Mr. Morales' actions resulted in a due process violation against plaintiff. Thus, plaintiff's claims against St. Louis County must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this <u>16th</u> day of July, 2018.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE